IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ROGER HAUTH, #307-983, | * | |
| Plaintiff, | * | |
| v. | * | Civil No. DKC-16-1541 |
| WEXFORD MEDICAL SERVICES, INC., *et al.*, | * | |
| | * | |
| Defendants. | * | |

*   *   *   *   *   *   *   *   *   *   *   *   *

**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT**

Defendant, the Department of Public Safety and Correctional Services ("DPSCS"), by its attorneys, Brian E. Frosh, Attorney General of Maryland, and Thomas E. Dernoga, Assistant Attorney General, in support of their Motion to Dismiss Plaintiff's Complaint or, in the Alternative, Motion for Summary Judgment, file this Memorandum of Law, and state as follows:

## I. INTRODUCTION

Roger Hauth (#307-983), an inmate at the Jessup Correctional Institution ("JCI"), filed this Complaint in Federal District Court on May 19, 2016, alleging that the Defendants violated his Constitutional rights by being deliberately indifferent to his serious medical needs. The Defendants listed include DPSCS and Wexford Medical Services, Inc. ECF No. 1. On May 26, 2016, the Court ordered Plaintiff to supplement

the Complaint to include the names of the individuals whom he claims are responsible for the alleged wrongdoing; the dates of the alleged incidents; and the facts supporting his claim. ECF No. 3.

On June 14 2016, Plaintiff filed a Supplemental Complaint specifying a number of medical professionals that he alleges failed to provide adequate medical care. ECF No. 7. The Court added these medical professionals as Defendants. No DPSCS employees were added as Defendants. ECF No. 7.

On July 11, 2016, Plaintiff filed a Motion to Amend to add more medical professionals as Defendants. ECF No. 13. The Court granted the motion and added these medical professionals as Defendants. ECF No. 15. The Plaintiff sought to add more medical professionals as Defendants, which the court granted. ECF No. 16. All of the medical professional Defendants (the "Wexford Defendants") are represented by legal counsel separate from DPSCS.

Defendant DPSCS asserts that Plaintiff has failed to make any specific allegations that DPSCS or particular employees engaged in any act to deny him his Constitutional rights. With no specific allegation against a DPSCS employee or supervisor, Defendant DPSCS cannot be liable for supervisory liability, and there is no *respondeat superior liability* under 42 U.S.C. §1983. The Complaint fails to allege sufficient facts to support a claim for denial of medical care and demonstrates, at most, a mere disagreement over the course of treatment. In addition, Defendant DPSCS is protected by the doctrine of

sovereign immunity. Therefore, the Complaint should dismissed with respect to DPSCS, or summary judgment should be granted.

**INCORPORATION BY REFERENCE OF UNDISPUTED MATERIAL FACTS**

In order to avoid duplicative filings and minimize inconvenience to the Court, Defendant DPSCS incorporates by reference The Wexford Defendants' Motion to Dismiss, or in the, Alternative, For Summary Judgment filed on September 29, 2016. ECF No. 30. Defendant DPSCS joins the motion as to the Statement of Undisputed Material Facts and the arguments that the Wexford Defendants provided adequate health care and that the dispute is merely about a dispute over the course of treatment.[1]

## II. PROCEDURAL AND FACTUAL BACKGROUND

### A. Plaintiff's Factual Allegations.

In general, Plaintiff alleges that the Wexford Defendants have been deliberately indifferent for failing to give him proper medical care, allowing his condition to worsen. Plaintiff also alleges that Defendant DPSCS was deliberately indifferent to his medical needs by "failing to intervene" on Plaintiff's behalf for proper medical care. ECF No. 1 at 4.

---

[1] Two exhibits are attached to the Wexford Defendants' Motion to Dismiss or in the, Alternative, For Summary Judgment. Exhibit 1 is the Plaintiff's medical records. Exhibit 2 is the affidavit of Kasahun Temesgen, M.D. Defendant DPSCS hereby incorporates these exhibits as exhibits to this motion, and will reference them as necessary.

In his Supplemental Complaint, Plaintiff did not provide any allegations against Defendant DPSCS or any DPSCS employees. ECF No. 7 at 1-2. In Exhibit A to the Supplemental Complaint, Plaintiff listed some "DPSCS staff I dealt with on ARP's and IGO." ECF No. 7-1 at 1. Plaintiff did not provide any allegations against the listed DPSCS staff. *Id*. In his Amended Complaint, Plaintiff sought to add additional medical professional Defendants to the list of Wexford Defendants. ECF No. 13 at 1. Plaintiff did not seek to add any DPSCS staff as Defendants. *Id*.

### B. Defendants' Response to Factual Allegations.

Because Plaintiff has failed to make any allegations against any DPSCS staff, there are no facts for DPSCS to address. As noted, above, Defendant DPSCS incorporates by reference the Statement of Undisputed Material Facts in The Wexford Defendants' Motion to Dismiss, or in the, Alternative, For Summary Judgment.

## III. STANDARD OF REVIEW

### A. Motion to Dismiss

A court reviewing a complaint in light of a Rule 12(b)(6) motion accepts all well-pled allegations of the complaint as true and construes the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff. *Ibarra v. United States,* 120 F.3d 472 (4th Cir. 1997). Such a motion should be granted when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957). The court, however, need not accept unsupported legal allegations, *Revene v. Charles*

*County Comm'rs,* 882 F.2d 870, 873 (4th Cir. 1989), or conclusory factual allegations devoid of any reference to actual events. *United Black Firefighters v. Hirst,* 604 F.2d 844 (4th Cir. 1979).

A claim will lack "facial plausibility" unless the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). To determine "whether a complaint states a plausible claim for relief," a court engages in a "context-specific task . . . draw[ing] on its judicial experience and common sense." *Id. at* 679. If the well-pleaded facts "do no permit the court to infer more than the *mere possibility* of misconduct," the complaint fails to state a claim and must be dismissed. *Id*. (emphasis added).

**B. Motion for Summary Judgment**

A motion for summary judgment may be granted if there exists no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250 (1986); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986). A party who bears the burden of proof on a particular claim must factually support each element of his or her claim. "[A] complete failure of proof concerning an essential element ... necessarily renders all other facts immaterial." *Id.* at 323. Thus, on those issues on which the nonmoving party will have the burden of proof, it is his or her responsibility to confront the motion for summary judgment with an affidavit or other similar evidence. *Anderson,* 477 U.S. at 256.

In *Celotex*, the Supreme Court stated:

> In cases like the instant one, where the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the "pleadings, depositions, answers to interrogatories, and admissions on file." Such a motion, whether or not accompanied by affidavits, will be "made and supported as provided in this rule," and Rule 56(e) therefore requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the "depositions, answers to interrogatories, and admissions on file," designate "specific facts showing that there is a genuine issue for trial."

*Celotex*, 477 U.S. at 324.

However, "'a mere scintilla of evidence is not enough to create a fact issue.'" *Barwick v. Celotex Corp.*, 736 F.2d 946, 958-59 (4th Cir. 1984)(quoting *Seago v. North Carolina Theatres, Inc.*, 42 F.R.D. 627, 632 (E.D.N.C. 1966), *aff'd,* 388 F.2d 987 (4th Cir. 1967)). There must be "sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249-50 (citations omitted); *Scott v. Harris*, 550 U.S. 372, 381-382, 127 S. Ct. 1769, 167 L. Ed. 2d 686 (2007) (Videotape evidence blatantly contradicted one parties version of facts, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment.) Based upon this standard, the pleadings and exhibits, the Defendant is entitled to summary judgment.

## IV. ARGUMENT

To state a cause of action pursuant to 42 U.S.C. §1983, it is elementary that there must be an allegation of a violation of federal constitutional rights or law. *Juncker v.*

*Tinney*, 549 F.Supp. 574, 583 (D.Md.1982). The first inquiry in any §1983 action is whether the plaintiff has been deprived of any right secured by the Constitution or federal law. *Baker v. McCollan,* 443 U.S. 137, 99 S.Ct. 2689 (1979). In this action, Plaintiff has failed to allege a deprivation of any rights, either constitutional or statutory, by Defendant DPSCS which would entitle him to relief under §1983.

**A. No Liability Unless Personal Participation.**

In order for liability to exist under § 1983, there must be personal involvement by the defendant in the alleged violation. *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977); *Shaw v. Stroud,* 13 F.3d 791, 799 (4th Cir. 1994); *see also Rizzo v. Goode*, 423 U.S. 362, 370-71 (1976). There is no *respondeat superior* liability under §1983. *Monell v. New York Dep't of Soc. Serv.*, 436 U.S. 658, 691 (1978). Therefore, supervisory correctional officials can be held liable only for their own personal wrongdoing or for supervisory actions that themselves violate constitutional norms. To establish supervisory liability in a §1983 action in general, the Fourth Circuit has held that it must be shown:

> (1) that the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to citizens like the plaintiff; (2) that the supervisor's response to that knowledge was so inadequate as to show deliberate indifference to or tacit authorization of the alleged offensive practices; and (3) that there was an affirmative causal link between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff.

*Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir.), *cert. denied*, 513 U.S. 813 (1994)(citations omitted). *See also, Slakan v. Porter,* 737 F.2d 368, 373 (4th Cir. 1984), *cert. denied*, 470 U.S. 1035 (1985).

Plaintiff makes the generic allegation that Defendant DPSCS was deliberately indifferent to his medical needs by "failing to intervene" on Plaintiff's behalf for proper medical care. ECF No. 1 at 4. In his Supplemental Complaint, Plaintiff did not provide any allegations against Defendant DPSCS or any DPSCS employees. ECF No. 7 at 1-2. In Exhibit A to the Supplemental Complaint, Plaintiff listed some "DPSCS staff I dealt with on ARP's and IGO." ECF No. 7-1 at 1. Plaintiff did not allege that any of the listed DPSCS staff undertook any action against him in violation of his Constitutional rights. *Id*.

Without allegations of personal involvement by any DPSCS employees in actions that violated Plaintiff's constitutional rights, the Complaint should be dismissed against Defendant DPSCS, or summary judgment should be entered in its favor.

### B. The Complaint Fails to Allege Sufficient Facts to Support a Claim for Denial Of Medical Care and Demonstrates a Mere Disagreement Over the Course of Treatment.

To state a claim for denial of medical care a prisoner must allege facts from which a trier of fact could find that the defendants' acts or failures to act amounted to deliberate indifference to a serious medical need. *Estelle v. Gamble,* 429 U.S. 97, 106 (1976). As in other Eighth Amendment contexts, there are two components to this test: an objective component, *i.e.*, serious medical need; and a subjective component, *i.e.*,

deliberate indifference. *See, e.g., Johnson v. Quinones*, 145 F.3d 164, 167 (4th Cir. 1998); *Brice v. Virginia Beach Corr. Ctr.*, 58 F.3d 101, 104 (4th Cir. 1995). In other words, as the Fourth Circuit recently stated, "in order to establish a claim of deliberate indifference to medical need, the need must be both apparent and serious, and the denial of attention must be both deliberate and without legitimate penological objective." *Grayson v. Peed*, 195 F.3d 692, 695 (4th Cir. 1999). The objective component of this test requires that the plaintiff demonstrate the existence of a serious medical condition. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992); *Estelle*, 429 U.S. at 105; *Johnson*, 145 F.3d at 167; *Shakka v. Smith*, 71 F.3d 162, 166 (4th Cir. 1995).

The subjective component of an Eighth Amendment claim related to denial of medical care requires a showing that the defendant acted with deliberate indifference. *Wilson v. Seiter*, 501 U.S. 294, 303 (1991). Deliberate indifference occurs when a defendant "knows of and disregards an excessive risk to inmate health or safety; the [defendant] must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). "Deliberate indifference requires a showing that the defendants actually knew of and disregarded a substantial risk of serious injury to the detainee or that they actually knew of and ignored a detainee's serious need for medical care." *Young v. City of Mount Ranier*, 238 F.3d 567, 576 (4th Cir. 2001).

The Wexford Defendants have provided a detailed review and analysis of the medical treatment provided to the Plaintiff. ECF No. 30-3 at 2-12. Clearly, Plaintiff has

received extensive medical care, and he has no credible argument that DPSCS or the Wexford Defendants acted with deliberate indifference to a serious medical need. Of note, the Wexford Defendants argue:

> Further, the allegations and factual information provided by Plaintiff are actually allegations of providing medical care for Plaintiffs various medical conditions. Plaintiff admits he is on medications, indeed" so many that he has abdominal problems. See ECF No. 1 and 7. Plaintiff requests to reserve the right to amend his complaint "due to ongoing treatment" he is receiving. ECF No. 7. Plaintiff admits he had sinus surgery at Mercy Hospital on May 18, 2016. Id. Plaintiff admits he received post-operative medications. Id. Plaintiff admits he has had follow up visits to Mercy Hospital. Id. In short, Plaintiff's complaint is literally limited to the statement in his Complaint that he has not received "proper" medical care. See ECF No. 1.
>
> It is clear that Plaintiff simply disagrees with the treatment he was provided.
>
> Plaintiff's disagreement with medical providers regarding the nature of his medical care does not constitute a viable constitutional claim.. . . .
>
> At most Plaintiff's claims merely state a disagreement over the medical treatment he has received.

The Complaint fails to allege facts sufficient to state a constitutional claim of denial of medical treatment. Instead, the allegations reflect a mere state a disagreement over the medical treatment received. Therefore, the Complaint should be dismissed as to Defendant DPSCS, or summary judgment should be entered in its favor.

### C. The Eleventh Amendment Bars This Suit Against The Defendant Based on the Doctrine of Sovereign Immunity.

Under the Eleventh Amendment to the United States Constitution, a state, its agencies and departments are immune from suits in federal court brought by its citizens

or the citizens of another state, unless it consents *Penhurst State School and Hospital v. Halderman*, 465 U.S. 89, 100 (1984). While the State of Maryland has waived its sovereign immunity for certain types of cases brought in state courts, *see* Md. Ann. Code, State Gov't Art., § 12-201(a)(2004 Repl. Vol.), it has not waived its immunity under the Eleventh Amendment to suit in federal court. It is likewise well-established that the Eleventh Amendment bars federal court actions against the agencies and departments of the state, as well as the state itself. *Pennhurst State School & Hospital v. Halderman,* 465 U.S. 89, 100-01 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978) (*per curiam*).

Therefore, because Defendant DPSCS is immune from suit in federal court for any claims brought by its citizens unless it consents, Plaintiff's claims should be dismissed.

## V. CONCLUSION

Plaintiff has failed to make any specific allegations that DPSCS or particular employees engaged in any act to deny him his Constitutional rights. With no specific allegation against a DPSCS employee or supervisor, Defendant DPSCS cannot be liable for supervisory liability, and there is no *respondeat superior liability* under 42 U.S.C. §1983. The Complaint fails to allege sufficient facts to support a claim for denial of medical care and demonstrates a mere disagreement over the course of treatment. In addition, Defendant DPSCS is protected by the doctrine of sovereign immunity. Therefore, the Complaint should dismissed with respect to DPSCS, or summary judgment should be granted.

Respectfully submitted,

BRIAN E. FROSH
Attorney General of Maryland

___________/s/
THOMAS E. DERNOGA
Assistant Attorney General
Federal Bar No. 12377
St. Paul Plaza - 19th Floor
200 St. Paul Place
Baltimore, Maryland 21202
(410) 576-6429 (Telephone)
(410) 576-6880 (Telefax)
E-mail: tdernoga@oag.state.md.us

Filed: October 21, 2016

*Attorneys for Defendant*